IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| **United States of America**, <br><br> Plaintiff; <br><br> v. <br><br> **Approximately $41,000.00 in United States Currency,** seized in Kansas City, Missouri, on June 12, 2009; <br><br> **Approximately $5,600.00 in United States Currency**, as a substitute for a **1974 Chevrolet Caprice, VIN: 1N47R4J212602,** seized in Kansas City, Missouri, on June 12, 2009; <br><br> Approximately **$23,700.00 in United States Currency**, as a substitute for a **2005 Chevrolet Corvette, VIN 1G1YY22U855128951**, seized in Kansas City, Missouri, on June 12, 2009; <br><br> Defendants. | Case No. 18- |

# COMPLAINT FOR FORFEITURE IN REM

Plaintiff, United States of America, by its attorneys, Timothy A. Garrison, United States Attorney for the Western District of Missouri, and James Curt Bohling, Chief, Monetary Penalties Unit and Assistant United States Attorney, brings this complaint and alleges the following in

accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

## NATURE OF THE ACTION

1. This is an action to forfeit property to the United States for violations of 21 U.S.C. §§ 853 and 881.

## THE DEFENDANTS IN REM

2. The defendants *in rem* are:

   a. approximately $41,000.00 in United States Currency, seized in Kansas City, Missouri, on June 12, 2009;

   b. approximately $5,600.00 in United States Currency, as a substitute pursuant to 18 U.S.C. § 983(e)(4) for a 1974 Chevrolet Caprice, VIN: 1N47R4J212602, seized in Kansas City, Missouri, on June 12, 2009; and

   c. approximately $23,700.00 in United States Currency, as a substitute pursuant to 18 U.S.C. § 983(e)(4) for a 2005 Chevrolet Corvette, VIN: 1G1YY22U855128951, seized in Kansas City, Missouri, on June 12, 2009.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 18 U.S.C. § 983(e) and 28 U.S.C. § 1355(a). This Court has in rem jurisdiction over the defendant property pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district, and pursuant to 28 U.S.C. §§ 1395(a), (b), and (c).

## GROUNDS FOR FORFEITURE

5. The defendant property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes: 1) money, negotiable instruments, securities and other things of value furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; 2) proceeds traceable to such an exchange; or 3) money, negotiable instruments, and securities used and intended to be used to facilitate a violation of the Controlled Substances Act.

## FACTS

6. In 2004, federal agents conducted a wiretap in which they learned of a Colombian national nicknamed "Rolo" who was involved in drug trafficking activities. In 2006, they learned that "Rolo" was actually Alejandro Corredor. An investigation of the Corredor drug organization was conducted by the Department of Homeland Security, Immigrations and Customs Enforcement ("ICE"---the investigative division now known as Homeland Security Investigations or "HSI"); the Department of Justice, Drug Enforcement Administration ("DEA"); and various partner state and local law enforcement agencies.

7. This investigation was called Operation Blockbuster. The Corredor-led drug conspiracy was revealed to be a significant drug trafficking organization ("DTO") involving the importation of hundreds of kilograms of cocaine and marijuana from Mexico to the Kansas City metropolitan area.

3

The investigation resulted in the seizure of more than $1.6 million and criminal charges against 31 defendants.

8. Corredor and other DTO members were the target of a court authorized Title III wiretap during the spring of 2009. From the wiretap intercepts it was determined that Corredor was involved in the importation and distribution of more than five kilograms of cocaine. Corredor would call his source of supply in Mexico, Martin Castaneda, a/k/a "Flaco" and order cocaine to be delivered to the greater Kansas City metropolitan area. He would then collect money from his customers and package it for delivery in false compartments of various vehicles. The vehicles would then deliver the money to the El Paso, Texas, area where it would be transported across the border into Mexico.

9. Adrian Dunn was one of the participants in the Corredor DTO who was included as a defendant in the federal indictment. Starting in 2007, Dunn sold illegal narcotics for Corredor and Dunn would pay for those narcotics in cash. Dunn sold about eight kilograms ("kilos") of illegal narcotics a month for Corredor. Federal agents intercepted numerous conversations between Corredor and Dunn concerning Corredor providing illegal narcotics for Dunn to sell, and Dunn providing U.S. Currency to Corredor as payment for the illegal narcotics.

10. In October of 2008, a courier was stopping in Texas making her way to Kansas City, Missouri, to deliver a load of cocaine. DEA agents conducted a controlled delivery of the vehicle and followed it to a house on Elmwood in Kansas City, Missouri. Agents executed a search warrant at the house and discovered and seized 46 kilogram bundles of powder cocaine, United States currency totaling $139,930.00, drug notebooks and ledgers, a cellular telephone, and a handgun. Thirteen of the packages of cocaine recovered from

4

the residence were discovered in a suitcase that had a Delta Airlines luggage tag from May 2008 with the name "Alejandro Corredor" attached to the handle. The drug ledger showed Alejandro Corredor getting over 570 kilos of cocaine during the months of June through October of 2008.

11. Wiretap interceptions from Corredor's phone in early April and May of 2009 showed a flurry of activity and confirmation as to a load of narcotics being shipped into the Kansas City, Missouri, area destined for the Corredor DTO. Corredor was making calls to get workers over to the stash houses and to customers, such as Adrian Dunn, arranging for those customers to take deliveries of narcotics from those areas. Based on those series of calls and surveillance crews verifying the activity associated with loads of narcotics being distributed, ICE agents decided to follow the collection of money back to Mexico, which resulted in the money seizures below. Between April 29, 2009, and May 8, 2009, Castaneda-Morales and Corredor facilitated the attempted transfer of approximately $653,918.00 of United States currency to Mexico. Castaneda-Morales had ordered a driver to come to Kansas City, Missouri, to meet with Corredor to load and drive back to Mexico a vehicle containing United States currency which Corredor owed to Castaneda-Morales for cocaine shipped to Corredor. Arturo Gonzalez-Gonzalez assisted Corredor in the packaging and delivery of the money to a courier set up by Castaneda-Morales. A Toyota minivan was observed driving into the backyard of a residence on Ewing in Kansas City, Missouri, and three unknown Hispanic males were further observed working on the right front quarter panel of the minivan. Carlos Portillo was observed to be driving the minivan. While driving south through Wichita, Kansas, the minivan was stopped for traffic violations. Portillo consented to a search of the vehicle.

5

Approximately 70 bundles of United States currency totaling $653,918.00 was recovered from the minivan.

12. In total, the Corredor DTO distributed at least 600 kilograms of illegal narcotics over the conspiracy period, January 1, 2007 through August 20, 2009.

13. On June 12, 2009, law enforcement executed a search warrant at a residence on Kentucky Street in Kansas City, Missouri, which was associated with Dunn and his illegal narcotics activity. During the Kentucky Street search warrant, officers recovered four chunks of black tar heroin from the refrigerator, as well as various firearms and digital scales.

14. Among the items seized pursuant to that search warrant was a 1974 Chevrolet Caprice located in the garage of the Kentucky Street residence. That Caprice was registered to Dunn, and in the trunk of that vehicle law enforcement officers discovered a bag containing $41,000.00 in United States currency. The Caprice and the currency are named defendants in this action.

15. In a telephone conversation between Dunn and Corredor intercepted on June 9, 2009, Dunn and Corredor discussed that the $41,000 represented money to be paid by Dunn to Corredor for a Corredor's provision to Dunn of illegal narcotics.

16. The $41,000 represents the proceeds of the sales of illegal narcotics.

17. Corredor was arrested on June 12, 2009, at one of his residences located on West 98th Street, Kansas City, Missouri. Among the items seized from that location was a 2005 Chevrolet Corvette that was registered in Dunn's name, and which is also a named defendant in this action.

18. Corredor took the 2005 Chevrolet Corvette from Dunn in partial satisfaction of an unpaid drug debt. Corredor had taken another vehicle from Dunn, a Chevy conversion mini-van, for the same reason.

6

19. On February 18, 2011, following a jury trial, Dunn was found guilty of both counts in which he was named contained in the superseding indictment: conspiracy to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 841(a)(1); and use of a telephone to facilitate the distribution of cocaine in violation of 21 U.S.C. § 843(b).

20. The United States has sold the 1974 Chevrolet Caprice, VIN: 1N47R4J212602, for $5,600.00 in United States Currency, and that amount is therefore substituted in the Complaint in place of the Caprice.

21. The United States has sold the 2005 Chevrolet Corvette, VIN: 1G1YY22U855128951 for $23,700.00 in United States Currency, and that amount is therefore substituted in the Complaint in place of the Corvette.

## CLAIMS FOR RELIEF

### Count One

22. The Plaintiff repeats and incorporates by reference the paragraphs above.

23. By the foregoing and other acts, the defendant property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes: 1) money, negotiable instruments, securities and other things of value furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; 2) proceeds traceable to such an exchange; or 3) money, negotiable instruments, and securities used and intended to be used to facilitate a violation of the Controlled Substances Act, and therefore, are forfeitable to the United States pursuant to Title 21, United States Code, Section 881.

## PRAYER FOR RELIEF

WHEREFORE the United States prays that the defendant properties be forfeited to the United States, that the plaintiff be awarded its costs and disbursements in this action, and for such other and further relief as the Court deems proper and just.

Respectfully submitted,

Timothy A. Garrison
United States Attorney

By:   /s/ *James Curt Bohling*
James Curt Bohling, #54574
Chief, Monetary Penalties Unit
Assistant United States Attorney

400 E. 9th Street, Fifth Floor
Kansas City, Missouri 64106
Telephone: (816) 426-3122
E-mail: curt.bohling@usdoj.gov

8

Case 4:18-cv-00043-BP   Document 1   Filed 01/17/18   Page 8 of 9

## VERIFICATION

I, Special Agent Mark King, hereby verify and declare under penalty of perjury that I am a Special Agent with the Department of Homeland Security, Homeland Security Investigations, that I have read the foregoing Verified Complaint in rem and know the contents thereof, and that the matters contained in the Verified Complaint are true to my own knowledge, or have been reported to me by other law enforcement agents and analysts, and as to those matters I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as a Special Agent of HSI.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Dated:  January 17, 2018          /s/ *Mark King*
                                                  Mark King
                                                  Special Agent
                                                  Homeland Security Investigations

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI

## CIVIL COVER SHEET

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use <u>only</u> in the Western District of Missouri.

**The completed cover sheet must be saved as a pdf document and filed as an attachment to the Complaint or Notice of Removal.**

**Plaintiff(s):**
First Listed Plaintiff:
United States of America ;
**County of Residence:** Jackson County

**Defendant(s):**
First Listed Defendant:
$41,000.00 in United States Currency ;
**County of Residence:** Jackson County

Additional Defendants(s):
$5,600.00 in United States Currency ;
$23,700.00 in United States Currency ;

**County Where Claim For Relief Arose:** Jackson County

**Plaintiff's Attorney(s):**
Assistant United States Attorney James Curt Bohling ( United States of America)
United States Attorney's Office
400 E. 9th Street, Fifth Floor
Kansas City, Missouri 64106
**Phone:** 816-426-7173
**Fax:**
**Email:** curt.bohling@usdoj.gov

**Defendant's Attorney(s):**

**Basis of Jurisdiction:** 1. U.S. Government Plaintiff

**Citizenship of Principal Parties** (Diversity Cases Only)
    **Plaintiff:** N/A
    **Defendant:** N/A

**Origin:** 1. Original Proceeding

Case 4:18-cv-00043-BP   Document 1-1   Filed 01/17/18   Page 1 of 2

**Nature of Suit:** 625 Drug-Related Seizure of Property (21 U.S.C. 881)

**Cause of Action:** 5. The defendant property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes: 1) money, negotiable instruments, securities and other things of value furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; 2) proceeds traceable to such an exchange; or 3) money, negotiable instruments, and securities used and intended to be used to facilitate a violation of the Controlled Substances Act.

**Requested in Complaint**

    **Class Action:** Not filed as a Class Action

    **Monetary Demand (in Thousands):**

    **Jury Demand:** No

    **Related Cases:** Is NOT a refiling of a previously dismissed action

---

**Signature:** James Curt Bohling

**Date:** 1/17/18

If any of this information is incorrect, please close this window and go back to the Civil Cover Sheet Input form to make the correction and generate the updated JS44. Once corrected, print this form, sign and date it, and submit